IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL CLARK                                                                                PETITIONER

v.                          4:06CR00122-01-WRW
                            4:08CV00519-WRW

UNITED STATES OF AMERICA                                                        RESPONDENT

### ORDER

Pending is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 40).

**I.   BACKGROUND**

On July 5, 2007 Defendant pled guilty to being a felon in possession of a firearm.[1] On November 19, 2007, he was sentenced to 34 months in prison, on November 15, 2007;[2] the Judgment was entered.[3] Defendant filed a motion for reconsideration of the sentence, which was denied on November 29, 2007.[4] He filed a notice of appeal the same day.[5]

**II.  DISCUSSION**

Petitioner's only claim in his habeas petition is for ineffective assistance of counsel. Petitioner asserts that "Counsel was ineffective by failing to file and perfect an appeal as requested by Petitioner."[6]

---

[1] Doc. No. 16.

[2] Doc. No. 24.

[3] Doc. No. 25.

[4] Doc. No. 32.

[5] Doc. No. 31.

[6] Doc. No. 40.

1

### A.     Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that his counsel's performance fell below an objective standard of reasonableness.[7] Petitioner must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[8] The court then must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[9] Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[10]

Even if a court finds deficient performance of counsel, the petitioner must also establish prejudice.[11] To establish prejudice, a petitioner must demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[12]

So, the test has two parts: (1) deficient performance, and (2) prejudice. If Petitioner fails to establish either part of this test, I need not consider the remaining part of the test.[13]

---

[7] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

[8] *Strickland*, 466 U.S. at 690.

[9] *Id.*

[10] *Strickland*, 466 U.S. at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[11] *Strickland*, 466 U.S. at 694.

[12] *Id.* (where 'reasonable probability' is "a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

[13] *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

B.      **Facts of this Case**

Petitioner's assertion that his counsel was ineffective for failing to file an appeal is not supported by the record. Counsel filed a notice of appeal on November 29, 2007;[14] however, Petitioner chose to voluntarily dismiss the appeal. On December, 18, 2007, Defendant filed a Motion to Dismiss with the Eighth Circuit Court of Appeals. The motions reads:

> Pursuant to FRAP 42(b) and Eighth Circuit Rule 42A (Voluntary Dismissal of Criminal Appeals), the Appellant, Michael Lee Clark, requests dismissal of this appeal by the United States Court of Appeals for the Eighth Circuit. The Appellant herein, Mr. Clark, represents that he has engaged in written correspondence about this matter with his appointed trial counsel and that Mr. Clark is satisfied that his interests will be better served by dismissal of this appeal that currently is pending before the Court.
>
> WHEREFORE, it is respectfully requests that the Court of Appeals for the Eighth Circuit shall dismiss Mr. Clark's Appeal and for all other proper relief to which he may be entitled.[15]

The motion was signed by both Petitioner and his counsel, and dated December 5, 2007. The Eighth Circuit dismissed the case the next day.

It cannot be said that dismissing an appeal at Petitioner's request amounts to ineffective assistance of counsel. The Motion to Dismiss was signed by Petitioner, which reflects that he knowingly and voluntarily chose to dismiss his appeal.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255 (Doc. No. 40) is DENIED.

IT IS SO ORDERED this 17th day of June, 2008.

    /s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[14] Doc. No. 31.

[15] *United States v. Michael Clark*, No. 07-3716 (8th Cir. filed December 3, 2007).

3